# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA

adam nicholas; casey, )
    Petitioner, )
)
)
v. )
)
)
Mr. Whimbish "SIS Officer"; )
Ms. Underwood "R&D Officer"; )
Unknown "Nurse"; ) Case No.: 5:08-1441
Mr. Atkins "Leutenant"; )
)
Mr. Tim Kirkland "SIS Officer"; )
_____, "Officer/Kitchen Staff"; )
and other unknown Officers; )
    Respondents. )

FILED
DEC 17 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## MOTION FOR CRIMINAL COMPLAINT
## PURSUANT TO TITLE 18 U.S.C.A. § 241 and/or 242

COMES NOW, Petitioner, via special appearance De Bene Esse, propria persona, NOT GENERALLY to Motion this Honorable Court so as Petitioner can make a Criminal Complaint on the above noted Officers and Nurse, pursuant to Title

18 U.S.C.A. § 241 and/or 242, due to the overt deprivation of Petitioner's Fundamental Constitutional Rights to Petition the Courts to challenge law, statute, or government policy one feels, or comes to understand, is ~~actual~~ unlawful and/or un-Constitutional. This statement is supported by the foregoing stated facts:

## LIBERAL PLEADINGS AND CONSTRUANCE DOCTRINE

As a propria persona ("pro se") pleader, Petitioner invokes the full benefits and protections of the liberal pleadings and construance doctrine as established in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982) (pro se pleadings are to be liberally construed and treated; pro se pleaders are not to be held to the same standards as attorneys; leave to amend shall be freely and liberally given to a pro se pleaders); <u>Hill v. United States</u>, 368 U.S. 424 (1987) (pro se pleadings are not subject to dismissal on mere technicallity; pro se pleadings must be construed liberally under whatever law, rule, or practice is appropriate and which would provide pleader with the proper avenue for relief; courts are not bound by couching of a pro se ~~pleader~~ prisoners pleadings, and must construe them to the benefit of the pro se pleader).

## JURISDICTION

This Court has proper jurisdiction in that the location where the herein stated violations of law and Criminal Acts took place was at Federal Correctional

Institution-Beckley, Industrial Road, Beaver, West Virginia state 25813, which is located within this Courts Jurisdiction. Also, this Court has jurisdiction pursuant to Title 18 U.S.C.A. § 241 and/or 242.

## STATEMENT OF THE CASE

On July 3, 2008, at approximately 9:20 a.m., Petitioner went to the Medical Department at FCI-Beckley for a call out/appointment for Petitioner to submit to the giving of his DNA. When Petitioner went to the "lab" section of the Medical Department he stated to Unknown Nurse ("Nurse") that he would like to challenge the policy and law that requires feloneous inmates to submit thier DNA, at which time Petitioner presented an "Inmate Request to Staff". (Note: the Original Request form was sent home due to the influence presented by Staff at FCI-Beckley of retaliation upon inmates/prisoners who exercise thier rights.)

The Nurse laughed and said for the Petitioner to wait a minet. Nurse then went down the hall and went inside the records department/office, at which the Nurse, Mr. Whimbish "SIS Officer", and Ms. Underwood "R&D Officer", approached Petitioner and Mr. Whimbish stated that Petitioner had to submit his DNA or Petitioner would go to the "SPecial Housing Unit" ("SHU"). Petitioner stated "I am just challenging this policy and law, and this is my right under the Constitution and Title 5 U.S.C.A." Mr. Whimbish then stated that Petitioner would be put in the SHU if he didn't submit his DNA. Petitioner stated that Mr. Whimbish could not lawfully put Petitioner in the SHU and that he had a right to challenge policy and that they had to wait in abeyance if the policy did not affect the normal operations of the compound (i.e. prison).

Then Mr. Whimbish went back into the records office. The Petitioner then asked the Nurse what Mr. Whimbish's name was, because it was unknown to Petitioner at the time, and the Nurse stated "Mr. Whimbish". Petitioner wrote it down in his pocket pad.

Right after Petitioner put his pocket pad back into his pocket several Officers surrounded Petitioner, known and unknown to Petitioner. Mr. Atkins was the Leutenant present. Petitioner stated again that he would like to challenge, the above noted, policy and law, and that he had a right under the Constitution and Title 5 U.S.C.A. and that they, the Officers, had to wait and postpone thier actions until determined by the Court. The Nurse asked when Petitioner was scheduled to leave the prison and he stated that he was going to leave in a year with no half-way house, and that was well enough time for Petitioner to make his judicial challenge.

Ms. Underwood stated "We will strap you down and take it, we do it all the time, we even vidio tape it."

Tim Kirkland "SIS Officer" then came thru the door and came right up to the Petitioner, after wading thru all of the Officers in the hallway, and stated that some case was overturned the month before by the Supreme Court in a very loud voice. Petitioner again stated that he had a right to challenge it and that he had spoke with Ms. Grimes two days prior, and she said Petititoner could challenge it (See page ___), and pursuant to the Constitution and Title 5 U.S.C.A. Petitioner could challenge policy and law if he feels, or comes to understand, it is unlawful.

Mr. Atkins stated to Petitioner that he was refusing. Petitioner stated

4

that he was not refusing and that he was challenging the policy and law and that they had to postpone thier actions until the Courts give a determination. Mr. Atkins stated again, "So you are refusing a direct order"? Petitioner stated "No, I am not refusing, I am challenging the policy and law." Mr. Atkins stated "So, you'r saying you aren't going to give your DNA." Petitioner stated "No, I would like to challenge the policy, the policy is made by a government law, yes, and I would like to challenge it."

Mr. Vhimbish then asked a unknown doctor what he knew about this. The unknown doctor said he didn't know and couldn't say.

Then Mr. Atkins stated "So now I am telling you to give your DNA, are you going to refuse?" Petitioner stated yet again that he was not refusing, that he was only challenging. Mr. Atkins stated that it was the same as refusing. Petitioner stated no it was not the same. Mr. Atkins gave the command to Mr. _____, Officer, to lock the Petitioner up. Officer _____, Kitchen Staff, then droped Petitioner's law work all over the floor and said "Oops". Petitioner believes that he droped his law work purposely.

While proceeding to the SHU Petitioner repeatingly stated in a loud voice that he wanted to speak with the Captain, Assistant Warden, or the Warden and that what they were doing was unlawful. Mr. Atkins stated for Petitioner to "Shut Up". Petitioner kept on requesting to speak with the Captain, Assistant Warden, or the Warden. Mr. Atkins then stated he would give the Petitioner another shot, i.e. Incident Report, for disobeying a direct order to shut up. Mr. Atkins and Mr. _____, Officer, escorted Petitioner to the SHU law library and sat

5

him down in a chair and secured/locked the door. Approximately five (5) minets later Mr. Atkins came to the door and started saying Petitioner was not in the SHU anymore for not giving his DNA, but was in there for refusing a direct order and having other peoples law work. Petitioner stated he would like to challenge that as well.

Petitioner sat there for approximately ten (10) minets until Officer Saunders opened the food trap/slot in the door and told Petitioner to come to the door so he could take off the cuffs that was on the Petitioner. After Officer Saunders disengaged the handcuffs, Petitioner asked what Officer Saunder's name was and he stated Saunders. Petitioner then stated "I am now giving you notice that I am requesting to see the Captain, Assistant Varden, or Warden. I can't make you do it, but I have to give notice, so I am giving notice of the request." Officer Saunders then secured/locked the food slot and gave the Petitioner a peculiar look.

The Petitioner sat down at the table that has an old type writter bolted down on it and started to write down word for word what had transpired.

Approximately ten (10) minets later, Petitioner heard a knock at the door. When Petitioner turned around Ms. Engles was at the door. Petitioner went to the door and asked Ms. Engles her name and proceeded to explain what had transpired and how he was being unlawfully detained. Ms. Engles stated that Petitioner was not in the SHU for not giving the DNA, but was in there for disobeying a direct order. Petitioner stated that the Officers can not make a direct order pursuant to policy that does not affect the normal operations of

the compond/prison, and that while Petitioner was in the process of challenging the policy and law they had to wait in obeyance pursuant to the Constitution and Title 5 U.S.C.A. § 702. Ms. Engles asked what all that meant, and Petitioner explained in layman terms, and Ms. Engles stated that Petioner would have to wait, in the SHU, to see the Unit Disciplinary Comitee ("UDC"). Petitioner then stated that he would like to see her superior. Ms. Engles stated "Do you know I am the Assistant Warden?" Petitioner stated "Yes Mamm, I know very well who you are, and obviously you don't have the competance to handle this situation. Do you know that under the Respondent's Superior Doctrine since you are the highest ranking official that has knowledge of this situation of the concert of action of all these Officers of deprivation of Constitutional rights, violation of due process, and unlawful detainment." Petitioner was then interrupted by Ms. Engles stating "Unlawful Detainment?", in a questioning tone. Petitioner stated "Yes, unlawful detainment and deprivation of Constitutional Rights that you can now be held liable for. I want to see the Warden right now." Petitioner then went back over to the table and started to writting the conversation down.

Petitioner then heard Dr. Brenen, a scicologist at FCI-Beckley, and Petitioner yelled her name to get her attention, at which Dr. Brenen came to the SHU law library door. Petitioner then explained everything that had transpired. Dr. Brenen did not agree with Petitioner's actions, because of what was going on with Petitioner's daughter. While speaking with Dr. Brenen, Officers Tolliver and Saunders came and Petitioner told Dr. Brenen not to worry and he had to go.

Petitioner was dressed out into SHU atire and put into cell 3 on A range.

Ten minuets later while Petitioner was eating lunch Mr. Atkins came to the door and stated "Hey, I went down and talked to the Warden and everyone knows what is going on down here with you. So, I can have you kicked out of the SHU today, if you give you'r DNA." Petitioner stated "But I am allowed to challenge"... Petitioner was interrupted by Mr. Atkins who stated "I have been trying to help you out from the begining, but you won't listen. You can't challenge us taking your DNA, you can only challenge what we do with it after you take it." Petitioner then agreed to submit the DNA under threat, duress, and coercion, because of the medical issues with his daughter, that he was fighting in court for, and still is to this day.

Further, Petitioner would like to note that (2) two days prior, Petitioner spoke with Ms. Grimes, a superior Officer in the Medical Department, who did not disagree with Petitioner's intent to challenge the policy, but did not know where or how Petitioner would begin to file the remedy.

## CONCLUSION

Petitioner rights were violated, due to the Officers concert of action of threat, duress and coercion to force submission while Petitioner was exercising his Constitutional Rights. Thus, such action by Mr. Whimbish "SIS Officer", Ms. Underwood "R&D Officer", _____ "Nurse", Mr. Atkins "Leutenant", Mr. _____ "Officer", _____ "Officer/Kitchen staff", Mr. Tim Kirkland "SIS Officer", and other unknown Officers did conspire in a concert of action to deprive Petitioner of rights retained by the United States Constitution and laws of the United States.

### Requested Relief

Thus, Petitioner hereby makes a Criminal Complaint on the above named Officers, and Nurse, under Title 18 USCA. § 241 and/or 242 so as to hold them responsible for the clearly criminal actions that were visited upon the Petitioner.

Respectfully Presented,
UCC 1-207 "Without Prejudice":
adam nicholas: casey
"adan nicholas: casey
#11762-084
[FCI-Beckley]
Post Office Box 350
Beaver, West Virginia state
[25813]

Executed On: 12/14/2008 AD.

9



adam nicholas: cages "UCC 1-207 Without prejudice"
Reg # 11762-089
Federal Correctional Institution-Beckley
Post Office Box 350
Beaver, West Virginia state [25813]

✴Legal Mail

7008 1140 0004 1649 6782

Clerk of Court
Robert C. Byrd U.S. Courthouse
300 Virginia Avenue, East
Charleston, West Virginia state
25301